PER CURIAM.
Appellant, S.C.E., challenges the trial court’s order committing him to a moderate-risk residential program and argues that the court erred in deviating from the Department of Juvenile Justice’s recommendation of probation by failing to comply with the requirements enunciated in E.A.R. v. State, 4 So.3d 614 (Fla.2009). We agree and, therefore, reverse. In doing so, we reject the State’s argument that, because the Department’s recommendation of probation differed from the recommendation set forth in the comprehensive evaluation, E.A.R. is not applicable in this case. Although a determination that the Department overlooked or failed to sufficiently consider the evaluation’s recommendation may be a sufficient basis for the trial court to deviate from the Department’s recommendation, the trial court must still make the findings required by E.AR. before deviating from that recommendation. See N.P. v. State, 18 So.3d 735 (Fla. 2d DCA 2009); see also S.W. v. State, 26 So.3d 655 (Fla. 4th DCA 2010). On remand, the trial court must either amend the disposition order to include the required findings that would support a moderate-risk placement or, if such findings cannot be made, enter a new order imposing the Department’s recommendation of probation.
REVERSED and REMANDED with directions.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.